IH-32                                                                                                                    Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

---

Full Caption of Later Filed Case:

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,

| Plaintiff | Case Number |
|---|---|
| vs. | No. 25-cv-04995 |
| DISH NETWORK L.L.C., | |
| Defendant | |

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

UNITED STATES OF AMERICA,

| Plaintiff | Case Number |
|---|---|
| vs. | 41-CV-1395 (DLC) |
| AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, | |
| Defendant | |

IH-32                                                                                                                    Rev: 2014-1

**Status of Earlier Filed Case:**

☑ Closed        (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision.  Also, state whether there is an appeal pending.)

☐ Open          (If so, set forth procedural status and summarize any court rulings.)

In 1941, the United States of America and the American Society of Composers, Authors and Publishers ("ASCAP") entered into a consent decree.  The ASCAP consent decree was last modified in 2001 in the Second Amended Final Judgment ("AFJ2").

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Under the terms of AFJ2, the district court retained jurisdiction to determine a reasonable fee for a license to publicly perform the works in the ASCAP repertory.  ASCAP commences this proceeding pursuant to Section IX(F) of AFJ2, which provides that "when a music user has the right to perform works in the ASCAP repertory pending the completion of any negotiations or pending proceedings provided for in Section IX(A) of this Second Amended Final Judgment, either the music user or ASCAP may apply to the Court to fix an interim fee pending final determination or negotiation of a reasonable fee."  AFJ2 § IX(F).

Although this case is related to Case No. 41 Civ. 1395 (DLC), this case cannot be assigned to Judge Cote based on the Music Modernization Act's provision regarding assignment of rate court cases to district judges.  See 28 U.S.C. § 137(b).

The Music Modernization Act's provision regarding assignment also provides that ASCAP rate court cases cannot be assigned to a judge in the Southern District of New York to whom continuing jurisdiction over the BMI consent decree is assigned or a judge to whom another proceeding concerning an application for the determination of a reasonable license fee is assigned at the time of the filing of the application.  See 28 U.S.C. § 137(b).  Currently, the BMI consent decree is subject to the continuing jurisdiction of Judge Stanton, and three other rate-setting proceedings are pending before Judges Cronan, Ho and Failla.  See United States v. Broad. Music, Inc., 1:64-cv-3787-LLS; Radio Music License Committee, Inc. v. Broad. Music, Inc., 1:22-cv-05023-JPC-SDA; Radio Music License Committee, Inc. v. Am. Soc'y of Composers, Authors and Publishers, No. 1:23-cv-07228-DEH; Broad. Music, Inc. v. Sirius XM Radio LLC f/k/a Sirius XM Radio Inc., 1:24-cv-06896-KPF.

Signature: /s/ Richard H. Reimer                    Date: 6/13/2025

Firm: American Society of Composers, Authors and Publishers