**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,

     *Petitioner*,

v.

DISH NETWORK, L.L.C.,

     *Respondent*.

No. 1:25-cv-04995-VM

---

## ~~(PROPOSED)~~ STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following Stipulated Protective Order setting forth certain restrictions and procedures that shall apply to the Discovery Material exchanged by the Parties in this Action:

### I.    DEFINITIONS

As used herein:

A.    "Action" shall mean this litigation in the United States District Court for the Southern District of New York, styled as *American Society of Composers, Authors and Publishers v. DISH Network, L.L.C.*, No. 1:25-cv-04995-VM.

B.    "Chambers Rules" shall mean the Individual Practices of United States District Judge Victor Marrero, effective January 7, 2025.

C.    "Confidential Information" as used herein means any information or material that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the Producing Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise

revealed.  In designating material as "CONFIDENTIAL," the Producing

Party will make such designation only as to that material that it, in good faith,

believes to be entitled to confidential treatment under Fed. R. Civ. P.

26(c)(1)(G).

D.    "Discovery Material" shall mean items or information produced or disclosed

in connection with this Action, including items or information obtained from

any Non-Party, regardless of the medium or manner in which such items or

information were generated, stored, or maintained.  This includes, *inter alia*,

testimony, transcripts, documents, electronically stored information ("ESI"),

and tangible things produced in discovery, and other discovery responses.

E.    "Final Disposition" shall be deemed the later of:

1.    Dismissal of all claims and defenses in this Action, with or without

prejudice; or

2.    Final judgment issued after the completion and exhaustion of all

appeals, rehearings, remands, trials, or reviews of this Action, including

time limits for filing any motions or applications for extension of time

pursuant to applicable law.

F.    "Highly Confidential" as used herein means any information or material that

is    designated    pursuant    to    this    Protective    Order    as    "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the Producing Party,

whether it is a document, information contained in a document, information

revealed during a deposition or other testimony, information revealed in an

interrogatory answer, or information otherwise revealed.   In designating

material as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY,"
the Producing Party will make such designation only as to that material that it,
in good faith, believes includes extremely sensitive "Confidential" information
or material, disclosure of which to another Party or Non-Party could cause or
create a substantial risk of harm to the Producing Party.

G.    "Litigation Counsel" shall mean in-house counsel for any Party to this Action
who either have responsibility for making decisions dealing directly with the
litigation of this Action or who are assisting Outside Counsel in the litigation
of this Action.  For the avoidance of doubt, a Party's Litigation Counsel shall
only include its counsel of record in this action, and it shall not include any
other person or employee of said Party.

H.    "Local Rules" shall mean the Local Rules of the United States District Courts
for the Southern and Eastern Districts of New York effective January 2, 2025;

I.    "Non-Party" shall mean any individual or entity who is not a Party to this
Action or Outside Counsel therefor.

J.    "Outside Counsel" shall mean attorneys who are not employees of a Party to
this Action but are retained to represent or advise a Party to this Action and
have appeared in this Action on behalf of a Party or are employed by a law firm
that has appeared on behalf of that Party.

K.    "Party" shall mean any party to this Action, including all officers, directors,
and employees thereof.

L.    "Producing Party" shall mean any Party or Non-Party who discloses or
produces any Discovery Material in this Action.

M.   "Protected Information" shall mean any Discovery Material designated using any of the designations provided for in § IV(A) of this Order.

N.   "Receiving Party" shall mean any Party who receives Discovery Material from a Producing Party.

## II.   SCOPE AND LIMITATIONS

A.   Disclosure of Protected Material designated under the terms of this Order is prohibited except as expressly provided herein.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only for prosecuting, defending, otherwise litigating, or attempting to settle this Action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

B.   Unless otherwise amended, modified, superseded, or terminated, this Order shall remain in effect through Final Disposition of this Action.  After Final Disposition of this Action, the obligations and restrictions imposed by this Order with respect to a Producing Party's Protected Material shall remain in effect until the Producing Party agrees otherwise in writing or a court order otherwise directs.  The Court shall retain jurisdiction after Final Disposition of this Action to hear and resolve any disputes arising out of this Order.

C.   The protections conferred by this Order apply to Discovery Material and to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, and all testimony, conversations, and presentations by the Parties or their counsel in Court or in other settings that might reveal Protected Material.

D.     The parties acknowledge that this Order does not confer blanket protection on all information exchanged during discovery in this Action. Designations under this Order shall be made only with a reasonable, good-faith belief that the Discovery Material satisfies the criteria set forth herein. If it comes to a Producing Party's attention that designated Discovery Material does not qualify for protection under this Order, or does not qualify for the level of protection initially asserted, then the Producing Party shall timely notify all other Parties that it is withdrawing or changing the designation of that Discovery Material.

E.     Protections conferred by this Order do not cover:

1.     Any information that was in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and

2.     Any information known to or in the possession, custody, or control of the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source that obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

F.     Nothing in this Order shall prevent or restrict a Producing Party's disclosure or use of its own Discovery Material for any purpose.

G.     Nothing in this Order shall prevent or restrict Outside Counsel or Litigation Counsel from advising their clients with respect to this Action based in whole

or in part upon Protected Material, provided Outside Counsel or Litigation Counsel does not disclose the Protected Material itself except as permitted by this Order.

H.    Nothing in this Order shall abridge the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that Discovery Material may require lesser, additional, or otherwise different protections than those set forth herein.

I.    Nothing in this Order shall be construed to waive a Party's right to object to the disclosure or production of any Discovery Material.  No Party waives its right to object on any ground to entry into evidence of any Discovery Material covered by this Order.  This Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any Discovery Material, or portion thereof, is privileged or otherwise protected from discovery, or is inadmissible as evidence in this Action or any other proceeding.

J.    This Order shall be binding upon the Parties, their Outside Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

K.    The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Fed. R. Civ. P. 6(a) and 6(d).

III.    **STORAGE AND USE OF PROTECTED MATERIAL**

    A.    A Receiving Party shall maintain Protected Material in a manner that is secure and demonstrates a standard of due and proper care sufficient to safeguard against unauthorized or inadvertent disclosure.

    B.    In the event that a Receiving Party experiences a data breach affecting Protected Material, it shall promptly notify the Producing Party of the incident and cooperate with the Producing Party to address and remedy the breach. Nothing in this Order shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect Protected Material from unauthorized disclosure.

    C.    A Receiving Party shall maintain copies of Exhibit A signed by any individual Party or any employee, officer, director of the Receiving Party or any contractor, consultant, or expert engaged by the Receiving Party for a period of at least three (3) years following Final Disposition of this Action.

IV.    **DESIGNATING PROTECTED MATERIAL**

    A.    A Producing Party may designate Discovery Material as Protected Material using any of the following designations:

        1.    "CONFIDENTIAL" - applying to any information or material qualifying for protection under Fed. R. Civ. P. 26(c), including but not limited to any non-public business information or material or any information or material or any information or material containing personally identifiable information ("PII") (e.g., social security

numbers, financial account numbers, birth dates, addresses, phone numbers, license numbers, passwords, and any other information that could be used to identify an individual).

2.    "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" - applying to any highly sensitive Confidential information or material, disclosure of which could cause or create a substantial risk of harm to the Producing Party, including but not limited to:

    i.    information constituting trade secrets as defined by the Uniform Trade Secrets Act;

    ii.    proprietary or commercially sensitive business information such as strategic plans, projections of future financial or operational performance, information related to potential mergers, acquisitions, divestitures, or asset sales, or information regarding future projects not yet commercially released;

    iii.    information obtained from a Non-Party pursuant to an operative non-disclosure agreement;

    iv.    proprietary or commercially sensitive non-public commercial agreements, settlement agreements, or settlement communications; and/or

    v.    highly sensitive personal information such as personal financial information or personal health information ("PHI").

B.    To designate Discovery Material consisting of written discovery or documents, the Producing Party shall affix a legend or stamp on each page of the written

material with the appropriate designation as outlined in § IV(A) in a manner that does not interfere with the legibility of the document. The Producing Party shall use reasonable efforts to ensure that the legend or stamp remains visible when text is extracted from the document or when Optical Character Recognition is applied and shall not use a watermark. In the case of ESI produced in native format, the Producing Party shall add the appropriate designation to such document's file name and affix a legend or stamp with the appropriate designation on the slip-sheet associated with the file.

C.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation as outlined in § IV(A) by sending written notice of the designation within thirty (30) days of receiving the transcript of the testimony. During the pendency of the 30-day period, all information disclosed during a deposition shall be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in its entirety, but thereafter only to the extent designated by any Party. Any Protected Information used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Protected Information.

D.  All Protected Material not reduced to documentary form or which cannot be conveniently designated as set forth in §§ IV(B) and (C) shall be designated by the Producing Party by informing the Receiving Party of the designation in writing prior to or at the time of production.

## V.    DISCLOSURE OF PROTECTED MATERIAL

A.    Protected Material designated as "CONFIDENTIAL" may be disclosed only to the following:

1.    Any Party's Outside Counsel and employees therefor assigned to and necessary to assist such Outside Counsel in the preparation and trial of this Action -- including paralegals, law clerks, and stenographic and clerical employees but excluding any Non-Party consultants, experts, or investigators -- and Litigation Counsel;

2.    Employees of a Party, including in-house counsel who are not Litigation Counsel, who are assigned to and reasonably necessary to assist Litigation Counsel or Outside Counsel in the litigation of this Action;

3.    Individual Parties and employees, officers, or directors of a Party, but only to the extent such individuals are reasonably necessary to the litigation of this Action and provided such individuals affirm their agreement to abide by this Order by executing a copy of Exhibit A;

4.    Any expert or consultant retained by the Receiving Party or its Outside Counsel to assist in the litigation of this Action, provided that such expert or consultant must affirm their agreement to abide by this Order by executing a copy of Exhibit A prior to the disclosure of any Protected Material thereto.

5.    Any litigation-support service providers retained by a Party or its Outside Counsel reasonably necessary to assist with this litigation of this Action, such as court reporters, stenographers, or videographers;

graphics or design services; translators; photocopy, document imaging, or database service providers; or jury and/or trial consulting services, including mock jurors, provided that such individuals or entities affirm their agreement to abide by this Order by executing a copy of Exhibit A;

6.      The Court and its personnel, any technical advisors appointed by the court, members of a jury empaneled in this Action, and any mediator assigned to hear this Action and their staff;

7.      Any other person with the prior written consent of the Producing Party.

B.      Protected Material designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed only to those individuals and entities and under the circumstances set forth in § V(A)(1) and §§ V(A)(4) through (7).

1.      The Parties recognize, to the extent the Receiving Party does not engage Outside Counsel and remains represented solely by Litigation Counsel that is/are in-house employee(s) of said Receiving Party, that the Producing Party may have legitimate concerns surrounding the production of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Protected Material to such Litigation Counsel.  In light of this reasonable concern, when Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is produced to a party represented by Litigation Counsel, the Producing Party may, in addition to designating the Protected Material as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, further redact such

Protected Material to its satisfaction. To the extent the Receiving Party disputes the propriety of such redactions, it shall challenge them in accordance with the requirements set forth in Section VI, except that in no case shall the Receiving Party be entitled to view the contents of the challenged Protected Material in unredacted form prior to the Court's order on the issue, if such order permits the Receiving Party to view such contents in unredacted form.

## VI.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

A.    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material made pursuant to this Order at the time the designation is made by the Producing Party and a failure to do so shall not preclude a subsequent challenge to the propriety of any designation.

B.    A Receiving Party may challenge the designation of Discovery Material as Protected Material at any time, provided that the challenge is reasonable and made in good faith, made in writing, identifies with particularity the Discovery Material for which designation should be modified or withdrawn, states clearly the grounds for the objection, and is served upon Outside Counsel or Litigation Counsel for the Producing Party.

C.    Challenges to the designation of Discovery Material shall be resolved in accordance with the following procedures:

1.    If the Producing Party does not agree to withdraw its designation or re-designate the Discovery Material in accordance with the Receiving Party's challenge within five (5) business days of receipt of the challenge,

the Parties shall meet and confer within five (5) business days thereafter
to make a good faith effort to resolve the dispute.

2.     If the Parties are unable to resolve the dispute through conferral, the
Receiving Party may bring the dispute to the Court for a ruling that the
Discovery Material in question is not entitled to the protection conferred
by this Order based on the Producing Party's designation within five (5)
days of the conferral.  The Producing Party shall have the burden of
justifying the designation.

3.     Notwithstanding any challenge, the Discovery Material in question
shall continue to be treated as required by this Order as designated by
the Producing Party until the Producing Party withdraws or modifies
the designation in writing or the Court orders that the Discovery
Material is not entitled to the designation.

**VII.    FAILURE TO DESIGNATE BY PRODUCING PARTY**

A.     A Producing Party's failure to designate Discovery Material as Protected
Material as provided for in this Order at the time of production, or its
application of a designation provided under § IV(A) to Discovery Material at
the time of production, shall not preclude the Producing Party from adding or
applying a different designation to Discovery Material at a later date if the
Producing Party has a reasonable, good-faith basis to add or modify the
designation. The Producing Party shall notify the Receiving Party of such a
change in writing within five (5) business days of learning of its failure to
appropriately designate Discovery Material, identify with particularity the

Discovery Material for which it is adding or modifying the designation, and serve such notification upon Outside Counsel or Litigation Counsel for the Receiving Party.

B.    It shall not be considered a breach of this Order for a Receiving Party to use Discovery Material in accordance with its designation, or lack thereof, pursuant to this Order prior to receiving notice from a Producing Party of that Party's failure to designate or application of an incorrect designation to such Discovery Material.  Once a Receiving Party has received notice of a Producing Party's failure to designate or mis-designation of Discovery Material pursuant to § VII(A), the Receiving Party shall treat the identified Discovery Material at the designated level asserted in the notice pursuant to the terms of this Order. To the extent that Discovery Material implicated by the notice may have already been disclosed to persons not authorized by § V of this Order to see such Protected Material, the Receiving Party shall notify the Producing Party of such disclosure within fourteen (14) days of receiving the notice and take reasonable measures to retrieve information from such persons and to limit any further unauthorized disclosure.

C.    Any challenges to a Producing Party's additional or modified designation of Protected Material made pursuant to § VII(A) shall follow the procedures set forth in § VI(C) of this Order.

## VIII.   UNAUTHORIZED OR INADVERTENT DISCLOSURE BY THE RECEIVING PARTY

A.    A Producing Party knowing or believing in good faith that a Receiving Party is in violation of or intends to violate any provision of this Order shall notify the

14

Receiving Party in writing of its concern, identifying specifically those actions taken or expected to be taken that allegedly constitute a violation of this Order. If the Parties are unable to resolve the concern through conferral within five (5) business days of the notification, the Producing Party may move the Court for such relief as may be appropriate under the circumstances within five (5) business days of the conferral. After notification is received and pending resolution of the issue informally or through disposition of the motion by the Court, the Receiving Party shall discontinue the performance or shall not undertake further performance of any action alleged in the notice to constitute a violation of this Order.

B.    In the event a Receiving Party discloses any Protected Material to any person(s) or entity not authorized to receive such disclosure under the terms of this Order, the Receiving Party shall notify Outside Counsel or Litigation Counsel for the Producing Party whose Protected Material has been disclosed within three (3) business days of discovery of the disclosure, which notification shall include all relevant information concerning the nature and circumstances of the disclosure. The Receiving Party shall promptly make its best efforts to retrieve the improperly disclosed Protected Material and take any reasonable steps to ensure that no further or greater unauthorized disclosure and/or use thereof is made. The Receiving Party shall also request that any persons or entities that received the unauthorized disclosure execute Exhibit A and shall maintain copies of those executed agreements in accordance with § III(C).

C.     Unauthorized or inadvertent disclosure by a Receiving Party shall not be deemed a publication of any Discovery Material, nor shall it alter the ability of the Producing Party to designate Protected Material under this Order or waive the Producing Party's right to assert the confidential or proprietary status of that Protected Material.

## IX.    SUBPOENAS, DOCUMENT DEMANDS, OR COURT ORDERS AFFECTING ANOTHER PARTY'S PROTECTED MATERIAL

If any person or entity possessing Protected Material is subpoenaed or served with a demand or court order to produce documents in another action or proceeding and such subpoena, demand, or order requests the production of Protected Material produced by another Party or Non-Party in this Action, the person or entity receiving the subpoena, demand, or order shall provide notice to Outside Counsel or Litigation Counsel for the Producing Party within a sufficient time to allow the Producing Party to timely challenge the demand for production and, in any case, no later than within seven (7) days of receiving the subpoena, demand, or order, which notice shall include a copy of the subpoena, demand, or order and expressly identify the date for compliance.  The person or entity receiving the subpoena, demand, or order shall also notify within the same period the person or entity that issued or caused the issuance of the subpoena, demand, or order that some or all of the documents requested are subject to the protections of this Protective Order, which notification shall include a copy of this Order.  The person or entity receiving the subpoena, demand, or order shall not produce Protected Material in response to the subpoena, demand, or order until the earlier of fourteen (14) days after providing notice to the Producing Party or the date for compliance listed in the subpoena, demand, or order.  Upon receiving such notice, the Producing Party shall bear the burden to oppose, if it deems

16

appropriate, the subpoena on grounds of confidentiality.  If the Producing Party timely seeks protection from the subpoena, demand, or order, the person or entity subject to the subpoena, demand, or order shall not produce any Protected Material prior to a determination of the Producing Party's motion or request, unless the Producing Party provides written authorization for production.  If the issuing person or entity does not rescind or otherwise modify its request in order to exclude the production of Protected Material and the Producing Party does not move for protection or protection is denied to the Producing Party, the person or entity subject to the subpoena, demand, or order may produce Protected Material only to the extent reasonably necessary to comply with the subpoena, demand, or order.

## X.    USE OF PROTECTED MATERIAL AT DEPOSITIONS

A.    Unless otherwise ordered by the Court, the below persons may be examined as a witness at depositions and/or trial and may testify concerning Protected Material.

1.    Any Fed. R. Civ. P. 30(b)(6) designee of the Producing Party;

2.    A current director, officer, and/or employee of the Producing Party;

3.    A former director, officer, and/or employee of the Producing Party, provided that such person had prior knowledge of the Protected Material.  Prior knowledge may be established from the face of the Protected Material or from other documents or testimony provided in this Action;

4.    Any Non-Party having prior knowledge of Protected Material as a result of having served as a representative of the Producing Party or by virtue

of prior contact or relationship with the Producing Party. Prior knowledge may be established from the face of the Protected Material or from other documents or testimony provided in this Action;

5.    Any other individual qualified to receive the Protected Material pursuant to § V of this Order.

B.    The Producing Party shall retain the right to raise objections made in good faith to the use of specific documents containing Protected Material with any testifying person at the time of the deposition. If an objection is raised, the Parties agree to try to reasonably resolve the dispute at the deposition. If the Parties cannot reach a resolution, the document containing Protected Material shall not be shown to the testifying person, and the Producing Party shall file a motion for a protective order pursuant to Fed. R. of Civ. Proc. 26(c) with the Court within five (5) business days.

C.    During a deposition in this Action, a Party or Non-Party making a reasonable, non-frivolous claim that information to be disclosed or upon which questions may be based is Protected Material may exclude from the room for that portion of the deposition any person who is not qualified to receive the Protected Material pursuant to §§ V or X(A) of this Order.

## XI.    FILING PROTECTED MATERIAL WITH THE COURT

All documents (including but not limited to any motions or briefs or exhibits thereto) filed with the Court that seek or purport to include Protected Material shall be accompanied by a motion to file the Protected Material under seal in a manner that complies with the Court's Local Rules, Chambers Rules and/or standing orders and any other applicable orders

or rules.  The Parties agree to work in good faith to stipulate to such motions in a manner that ensures timely filing.  If any Party fails to stipulate to the filing of documents under seal, any other Party may move the Court for sealing on an expedited schedule.  No Protected Material shall be included in any filing with the Court until after the Court rules on the motion to seal. Protected Material may be filed under seal promptly upon the granting of a motion to file under seal (whether stipulated or not) and will be considered as though filed at the same time as the motion.  If for any reason the Court determines that any Protected Material should not be filed under seal, the Protected Material in question shall not be publicly filed with the Court for five (5) days after entry of the Court's order to allow the Producing Party time to decide whether to seek appellate relief.  If reasonably practicable, only those documents or pages or portions thereof containing material that qualifies for protection under this Order and applicable laws and rules shall be filed under seal.  All Protected Material filed under seal shall be appropriately designated pursuant to § IV of this Order.  A Party filing documents under seal is not required to serve those documents on other Parties, provided that the filing Party has identified such documents by Bates label in its motion to seal and has previously produced such documents in this Action under the terms of this Order.  However, a Party filing documents under seal shall serve those documents on another Party upon that Party's reasonable and particularized request.

## XII.    NON-PARTY USE OF THIS PROTECTIVE ORDER

A Party that subpoenas or requests documents from a Non-Party in this Action shall serve with such a subpoena or request a copy of this Protective Order and shall notify the Non-Party of their right to designate Discovery Material produced in this Action as Protected Material. Any Non-Party receiving Protected Material in this Action as provided for in §§ V

or X must execute Exhibit A to this Order.  Non-Parties producing Discovery Material in this

Action, whether voluntarily or pursuant to a Court order, may designate such Discovery

Material in the same manner as any Party to this Action and such Protected Material shall

receive the same level of protection as that produced by any Party pursuant to this Order.

## XIII.    PRIVILEGE CONSIDERATIONS

A.    Nothing in this Order shall be construed to require the production of information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, right, or immunity. Producing Parties shall have the right to review documents or tangible things, as such terms are used in Fed. R. Civ. P. 34(a), for relevance, responsiveness, and/or segregation of privileged and/or protected information prior to production.

B.    Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected Discovery Material, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this Action or in any other federal or state proceeding.  A Producing Party may assert privilege or protection over Discovery Material at any time by notifying the Receiving Party in writing of the assertion of privilege or protection.  The Receiving Party shall return or destroy Discovery Material that contains privileged matter or protected work product immediately upon request or notification by the Producing Party.

C.    The inadvertent production of any attorney-client privileged materials by any party making production of materials in this Action shall not be deemed a

20

waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof.

D.   A Producing Party reserves the right to redesignate as privileged or exempt any materials that it produces.   Upon receiving written notice that a Producing Party will produce certain materials redesignated as privileged, a Party who has received previously undesignated shall, within five (5) business days, return, sequester, or destroy all copies of such previously produced undesignated materials in accordance with Fed. R. Civ. P. 26(b)(5)(B); provide a certification of counsel of such treatment; and shall promptly attempt to obtain all copies of previously undesignated materials that were transmitted to other persons, firms, or entities.

E.   The Receiving Party shall notify the Producing Party of any Discovery Material that appears to contain the Producing Party's privileged or work-product-protected information if such information appears to have been inadvertently produced.   The Receiving Party shall immediately sequester such Discovery Material until receiving confirmation from the Producing Party as to whether the information contained therein is subject to a claim of privilege or protection.   If the Producing Party confirms that the Discovery Material in question is subject to a claim of privilege or protection and was inadvertently produced, the Receiving Party shall immediately return or destroy such Discovery Material.   If the Producing Party confirms that the Discovery Material was intentionally produced or is otherwise not subject to

a claim of privilege or protection, the Receiving Party may use the Discovery

Material subject to any other restrictions contained in this Order.

F.    Nothing in this Order shall prevent the Receiving Party from challenging the

propriety of a Producing Party's claim of attorney-client privilege or work-

product protection or any other applicable privilege or immunity.  To the

extent such challenges cannot be resolved through conferral, the Receiving

Party may submit a challenge to a Producing Party's privilege claim to the

Court, but the Receiving Party shall not assert as a ground for the challenge

the fact or circumstances of the production or the content of the challenged

Discovery Material gleaned through review prior to notification of a claim of

privilege or immunity by the Producing Party.

## XIV.    RETURN OR DESTRUCTION OF PROTECTED MATERIAL

A.    No later than sixty (60) days after Final Disposition of this Action, unless the

Parties have otherwise agreed in writing, all Protected Material shall, at the

option of the Producing Party, be destroyed or returned to the Outside Counsel

or Litigation Counsel for the Producing Party.

1.    Notwithstanding the requirements of § XIV(A), Outside Counsel or

Litigation Counsel may retain for its files any attorney work product,

one (1) archival copy of any filings with the Court, one (1) archival copy

of any transcripts of trial, deposition, or hearing testimony and any

exhibits thereto, and one (1) archival copy of any expert reports

prepared for this Action without redacting any Protected Material.

Outside Counsel may also retain any Discovery Material necessary to

comply with a Court order or meet client contractual obligations or ethical obligations or as required by its professional liability insurer without redacting Protected Material. Outside Counsel may retain Discovery Material for use in any legal proceeding relating to its representation of a client in this Action, but shall not disclose Protected Material in such a proceeding without ensuring that a protective order is entered that provides equal or greater protection than that provided for in this Order.

2. Notwithstanding the requirements of § XIV(A), outside consultants or experts shall be permitted to retain one (1) archival copy of any expert report prepared for this Action.

B. No later than ninety (90) days after Final Disposition of this Action, unless the Parties have otherwise agreed in writing, Parties and Non-Parties that received any Protected Material shall certify in writing that all such Protected Material has been destroyed or returned to the Outside Counsel or Litigation Counsel of the Producing Party except as otherwise provided for herein. Receiving Parties who provided Protected Material to Exhibit A signees shall be responsible for obtaining the required certification from such persons or entities.

C. Any Protected Material that is not destroyed or returned in accordance with this Order shall remain subject to the terms of this Order until such time as it is destroyed or returned to Outside Counsel or Litigation Counsel for the Producing Party.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: _7/25/2025_____        _/s/  Richard H. Reimer_____

                                       Counsel for Petitioner


Dated: _7/25/2025_____        _/s/  Kenneth L. Steinthal_____

                                       Counsel for Respondent


IT IS SO ORDERED.

Dated: _August 5, 2025_____        _____

                                       Ona T. Wang
                                       U.S.M.J.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

AMERICAN SOCIETY OF
COMPOSERS, AUTHORS AND
PUBLISHERS,

     *Petitioner*,

v.

DISH NETWORK, L.L.C.,

     *Respondent*.

No. 1:25-cv-04995-VM

I, _____ [insert name] employed as _____ [insert title] by _____ [insert employer] hereby certify that: I have read in its entirety and understood the Stipulated Protective Order that was issued by the Court in the above-captioned matter.  I agree to comply with and to be bound by all terms of the Stipulated Protective Order and I understand that a failure to comply could expose me to civil or criminal sanctions. I solemnly promise that I will not disclose any Protected Material subject to the Stipulated Protective Order to any person or entity except in strict compliance with the terms of the Stipulated Protective Order.  I further agree to submit to the jurisdiction of the above-captioned Court for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after Final Disposition of this Action.

Dated: _____

City and State where Sworn and Signed:_____

Printed Name:_____

Signature: _____